# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOAQUIN JAY, II, | ) | CASE NO. 1:10-cv-00343 GSA PC |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | ) ) | WITHIN THIRTY DAYS |
| P. VANG, | ) | (Doc. 1) |
| Defendant. | ) ) | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a former Fresno County Jail inmate prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.     Plaintiff's Claims

Plaintiff, formerly incarcerated at the Fresno County Jail, brings this civil rights action against Defendant P. Vang, a correctional officer at the jail. Plaintiff's sole claim in this action is that Defendant Vang forced Plaintiff to stand for two hours in the gym, a room that is open to the weather.[1] Specifically, Plaintiff alleges that on December 27, 2009, Plaintiff was asleep during the evening count. Plaintiff alleges that as punishment, Vang placed Plaintiff in the exposed gym for two hours. Plaintiff seeks "emotional & mental damages."

### A.     Eighth Amendment Conditions of Confinement Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from

---

[1] Plaintiff does not specify how the gym is open to the weather.

2

1  inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).
2  Extreme deprivations are required to make out a conditions of confinement claim, and only those
3  deprivations denying the minimal civilized measures of life's necessities are sufficiently grave to
4  form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9
5  (1992)(citations and quotations omitted). In order to state a claim for a violation of the Eighth
6  Amendment, Plaintiff must allege facts sufficient to support a claim that jail officials knew of and
7  disregarded a substantial risk of serious harm to Plaintiff. Farmer v. Brennan, 511 U.S. 825, 847
8  (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). [2]

   To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
10 conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman,
11 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials
12 must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.
13 Id.,Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,
14 1246 (9th Cir. 1982).

15   Here, Plaintiff fails to allege any facts indicating that he was subjected an extreme
16 deprivation. A bare allegation that Plaintiff was placed in a cold gym for two hours, with nothing
17 more, fails to state a claim for relief. In order to state a claim against Defendant Vang, Plaintiff
18 must specifically allege facts indicating that Vang knew of a "substantial risk of serious harm" to
19 Plaintiff and disregarded that risk, resulting in injury to Plaintiff. Plaintiff has failed to do so here.
20 The complaint should therefore be dismissed.

21 **III.   Conclusion and Order**

22   The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
23 which relief may be granted under section 1983. The Court will provide Plaintiff with the
24 opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

---

[2] Plaintiff does not indicate whether, at the time of the incident complained of, he was a pretrial detainee or serving a sentence of confinement pursuant to a judgment of conviction. The Eighth Amendment standard has also been applied to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. Redman v. County of San Diego, 942 F.2d 1435, 1442-43 (9th Cir. 1991). Where a plaintiff is a pretrial detainee the analysis of his claims of cruel and unusual punishment will therefore fall under the "deliberate indifference" standard.

1 Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not
2 change the nature of this suit by adding new, unrelated claims in his amended complaint. George,
3 507 F.3d at 607 (no "buckshot" complaints).

4       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
5 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
6 Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be
7 [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v.
8 Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

9       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
10 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
11 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
12 pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original
13 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
14 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
15 1474.

16       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

17       1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

18       2.     The Clerk's Office shall send to Plaintiff a complaint form;

19       3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
20             amended complaint;

21       4.     Plaintiff may not add any new, unrelated claims to this action via his amended
22             complaint and any attempt to do so will result in an order striking the amended
23             complaint; and

24       5.     If Plaintiff fails to file an amended complaint, the Court will recommend that this
25             action be dismissed, with prejudice, for failure to state a claim.

28       IT IS SO ORDERED.

| | |
|---|---|
| Dated: **November 10, 2010** | **/s/ Gary S. Austin**<br>UNITED STATES MAGISTRATE JUDGE |